IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 2 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-01792-WYD

X-CLEARING CORPORATION, a Colorado Corporation,

Plaintiff,

v.

TECHNOLOGY PARTNERS LLC, a Colorado Limited Liability Company,
GOLDEN KEY LLC,
WONDERLAND CAPITAL CORPORATION,
MARINE EXPLORATION, INC, a Colorado Corporation,
NEXT LEVEL CONSULTING,
ERIC CUSIMANO,
MERCANTILE ASCENDENCY, INC., a Texas Corporation,
PERSHING LLC, a New Jersey Limited Liability Company,
FAGENSON & CO., a New York Corporation,
LEGENT CLEARING, LLC, a Nebraska Corporation,

Defendants.

## ORDER

THIS MATTER came before the Court on a hearing on August 22, 2008, on Plaintiff's *Ex Parte* Motion to Deposit Stock Certificates into the Registry of the Court and for Preliminary Injunction. For the reasons stated on the record and in this Order, the portion of the motion that seeks to deposit stock certificates into the registry of the Court is granted.

Specifically, I find that Plaintiff showed that the jurisdictional requirements of 28 U.S.C. § 1335 are satisfied, and that invocation of the interpleader remedy is appropriate with respect to the stock certificates. The Clerk of Court is directed to

accept Marine Exploration, Inc. stock certificate nos. 2061, 2153, 2247, 2249, 2250, 2251, 2252, 2253, 2254, 2255, 2256 and 2257 with respect to this interpleader action and to deposit them into the registry of the Court until further order of this Court.

As to the portion of the motion that seeks an *ex parte* preliminary injunction, that request is denied without prejudice. Specifically, I note that an action is currently pending before Chief Judge Nottingham, Civil Action No. 08-cv-01707-EWN, that involves many of the same issues and parties involved in this suit. I also note that a motion for preliminary injunction is pending in that case. Plaintiff is directed to file a motion to intervene and a motion to consolidate this action into that case, as it is the oldest numbered case. If Judge Nottingham finds that consolidation is appropriate, I believe that Plaintiff's request for a preliminary injunction would more appropriately be addressed in that case as the issues in the motion may implicate issues already pending there.

In conclusion, it is

ORDERED that Plaintiff's *Ex Parte* Motion to Deposit Stock Certificates into the Registry of the Court and for Preliminary Injunction (filed August 22, 2008) is **GRANTED** as to the request to deposit stock certificates into the registry of the Court and **DENIED WITHOUT PREJUDICE** as to the request for a preliminary injunction. It is

FURTHER ORDERED that the Clerk of Court is directed to accept Marine Exploration, Inc. stock certificate nos. 2061, 2153, 2247, 2249, 2250, 2251, 2252, 2253, 2254, 2255, 2256 and 2257 with respect to this interpleader action and to deposit them into the registry of the Court until further order of this Court. It is

FURTHER ORDERED that Plaintiff is directed to file a motion to intervene and a motion to consolidate this action into the case pending before Chief Judge Nottingham, Civil Action No. 08-cv-01707-EWN. Finally, it is

ORDERED that Plaintiff shall serve a copy of this Order on the Defendants in this case and the parties to Civil Action No. 08-cv-01707-EWN.

Dated: August 22, 2008

BY THE COURT:

Wiley Y. Daniel
U. S. District Judge